Milton A. Wiltse, J.
The defendant, Gerald L. Bronson, above named, through his attorneys, Dunk, Conboy, McKay & Bachman, Frederic S. Kendall, Esq. of counsel, moves for an order granting permission to inspect the Grand Jury minutes upon which the indictment herein is based,- and also moves for a dismissal of the indictment, as to said defendant, alleging that testimony produced before the Grand Jury was insufficient to support said indictment as to the aforesaid defendant.
The indictment in question was returned by the October, 1957 Grand Jury of Jefferson County, held in connection with a Trial Term of the Supreme Court in and for said county and was thereafter transferred to the County Court of Jefferson County by order duly entered in the office of the clerk of said county for further proceedings.
A transcript of the testimony that Avas considered by the said Grand Jury as to the defendant has been read and examined and all specifications relied upon by counsel as grounds for the instant application have been carefully considered.
The evidence presented to the Grand Jury falls far short of the requirements under the laiv. The record is absolutely devoid of any competent testimony which tends to connect the said defendant with the commission of the crime. Neither does the testimony establish the requirements as required under section 1041 of the Penal LaAV, which reads as follows: “ No person can be convicted of murder or manslaughter unless the death of the person alleged to have been killed and the fact of killing by the defendant, as alleged, are each established as independent facts; the former by direct proof and the latter beyond a reasonable doubt ”.
It is also determined that even though the alleged test for determination of the alcoholic content of the blood of the defendant was admissible in evidence, that it does not establish a prima facie case, in view of the other testimony submitted to the Grand Jury for its consideration, which was entirely inadmissible and prejudical; and that all of the testimony taken *612 together and considered together, did not establish a prima facie case for which the defendant could be or should be indicted.
Without violating the fundamental theory of secrecy of the proceedings of the Grand Jury, it must be stated that even though an alleged examination of the alcoholic content of the blood was made by a certain physician, that there was no testimony regarding such examination, other than so-called “hearsay” testimony; and that even if such testimony could be properly considered, that all of the testimony considered together was less than is required under the statutes regarding the return of an indictment. This is said without any reflection whatever upon the Grand Jury or the District Attorney’s office, but is the finding of the court upon an examination of the transcript of the minutes of the Grand Jury and a consideration of the law in regard to the charges here.
The situation being as indicated above, it must be determined that there was insufficient testimony before the Grand Jury which returned the said indictment against the defendant, Gerald L. Bronson, to warrant the finding of the same. It follows therefore, that the charge is not substantiated as to him by any competent evidence which was adduced.
Although one of the motions herein, as above stated, was for an. order allowing the inspection of the Grand Jury minutes, where, on such a motion it appears that the indictment has been found without sufficient evidence or upon illegal testimony, the court has inherent power to dismiss the indictment without passing upon the motion. (People v. Walsh, 92 Misc. 573; People v. Hirschberg, 37 N. Y. S. 2d 861.)
That being the situation as to the defendant, Gerald L. Bronson, in the instant matter, and the said defendant having also moved to dismiss the said above-numbered indictment, the indictment is dismissed, with leave to the District Attorney to resubmit .the matter to another Grand Jury.